HAWKINS v. McADOO.

Opinion delivered February 28, 1910.

CLOUD ON TITLE—EVIDENCE.—In a suit to quiet title proof that plaintiff's
father died seized and possessed of the land in controversy is suffi-
cient to make out a *prima facie* case so as to entitle plaintiff to re-
lief unless a better title be shown in opposition.

Appeal from Saline Chancery Court; *Alphonso Curl,* Chan-
cellor; affirmed.

*W. L. Cooper,* for appellants.

In a suit to quiet title the plaintiff must prevail, if at all,
on the strength of his own title, and not upon the weakness of
his adversary's title. In this case the appellee has proved no
sufficient title in himself. 88 Ark. 31; 89 Ark. 298; 90 Ark.
420; 92 Ark. 30; 82 Ark. 295; 77 Ark. 338.

*W. R. Donham,* for appellee.

1. Appellants admit that the tax sale under which they
claim is void. They have no rights in the land except to be
reimbursed for taxes paid. Having no color of title, their pay-
ment of taxes for seven years does not constitute the possession
necessary to acquire title to wild and unimproved land. Kirby's
Dig. § 5057. A collector's certificate of purchase is not color
of title. 84 Ark. 316. Possession of unimproved and unoccupied
land is presumed to follow the title. 74 Ark. 383.

2. Appellee is the owner of the equitable to the land, and
as such has the right to have the void tax sale canceled as a
cloud on his title. 77 Ark. 338; 42 Ark. 215.

McCULLOCH, C. J. Appellee, E. J. McAdoo, instituted this
action against appellants in the chancery court of Saline County
to quiet his title to a tract of land and to cancel a void tax sale
under which they, appellants, are asserting title. Appellee as-
serts title by inheritance from his father, who is alleged to have
been the owner of the land at the time of his death in the
year 1889, and by purchase from the other heirs of his father.

Appellants assert title only under said tax sale, which is
conceded to be void. They invoke the principle that appellee,
being the moving party as plaintiff in the action, must rely on
the strength of his own title, and not on the weakness of his
adversary's title, and that he must prove title in himself before

he can be permitted to call in question the validity of the tax sale. We are of the opinion, however, that the evidence in the record is sufficient to justify a finding that appellee's father died seized and possessed of the land in controversy, claiming to be the owner under color of title, and this is sufficient to make out a *prima facie* case, so as to entitle appellee to question the tax title and to quiet his title unless a better title be shown in opposition. *Jacks* v. *Dyer,* 31 Ark. 334; *Wheeler* v. *Ladd,* 40 Ark. 108; *Weaver* v. *Rush,* 62 Ark. 51.

It is unnecessary to decide whether or not appellee has in other respects established his title to the land, as appellants assert no other outstanding title, either in themselves or any one else, in opposition to appellee's title.

Decree affirmed.